1   ALEXANDER YOFFE (SBN 234416)
    E-mail: ayoffe@mbeachlaw.com
2   ERIN PFAFF FAGERLIND (SBN 259349)
    E-mail: efagerlind@mbeachlaw.com
3   **YOFFE & COOPER, LLP**
    3713 Highland Ave., Suite 2
4   Manhattan Beach, CA  90266
    Telephone:  (310) 982-2699
5   Facsimile:    (877) 571-9810

6   Attorneys for Plaintiff
    310 NUTRITION, LLC
7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11  310 NUTRITION, LLC, a Nevada          **CASE NO. 2:15-cv-5110**
    limited liability company,
12
                                           **COMPLAINT FOR:**
13              Plaintiff,

14        v.                               1) **UNFAIR COMPETITION AND**
                                              **FALSE ADVERTISING**
15  18 NUTRITION INC., a California           **[15 U.S.C. § 1125(a)];**
    corporation; IURII KOROLOV, an        2) **TRADE DRESS**
16  individual; and DOES 1 through 10,       **INFRINGEMENT**
    inclusive,                               **[15 U.S.C. § 1125(a)];**
17                                         3) **FALSE OR MISLEADING**
                Defendants.                   **ADVERTISING [Cal. Bus. & Prof.**
18                                            **Code § 17200 *et seq.*];**
                                           4) **MISAPPROPRIATION OF**
19                                            **TRADE SECRETS [Cal. Civ.**
                                              **Code § 3426 *et seq.*]**
20                                         5) **TRADE LIBEL;**
                                           6) **BREACH OF CONTRACT;**
21                                         7) **BREACH OF IMPLIED**
                                              **COVENANT OF GOOD FAITH**
22                                            **AND FAIR DEALING;**
                                           8) **TORTIOUS INTERFERENCE**
23                                            **WITH PROSPECTIVE**
                                              **ECONOMIC ADVANTAGE;**
24                                         9) **UNFAIR COMPETITION [Cal.**
                                              **Bus. & Prof. Code § 17500 *et seq.*];**
25                                         10) **DECLARATORY RELIEF**

26                                         **DEMAND FOR TRIAL BY JURY**

27

28

Plaintiff 310 NUTRITION, LLC ("310 Nutrition" or "Plaintiff"), by and through its attorneys, alleges against Defendants 18 NUTRITION INC. ("18 Nutrition) and IURII KOROLOV ("Korolov") (collectively, "Defendants") as follows:

## NATURE OF THE ACTION

This is an action for violations of the Lanham Act, as well as various related claims arising under California state law, stemming from Defendants' unfair and unlawful development, packaging, marketing, and sales schemes related to their product, the 18Shake. More specifically, Korolov breached his duties under a Non-Disclosure Agreement that he entered into with Plaintiff, and misappropriated trade secrets that he acquired during his engagement as Plaintiff's web designer, in the creation of his competing company (18 Nutrition) and knock-off meal replacement shake (18Shake). Moreover, Defendants then also infringed upon Plaintiff's trade dress in their packaging of the 18Shake and then infringed upon Plaintiff's trademarks in their advertising campaign. Defendants then went one step further and intentionally disparaged and made false statements about Plaintiff and its product, the 310 Shake, on sponsored advertisements and deceptive review websites in an concerted effort to divert consumers purchasing Plaintiff's product for their own commercial gain.

## PARTIES

1.     Plaintiff 310 Nutrition is, and at all times relevant herein was, a Nevada limited liability company with an office located at 211 Nevada Street, El Segundo, California 90245.

2.     On information and belief, Defendant 18 Nutrition is, and at all times relevant herein was, a California corporation with a principal place of business located at 3390 Deronda Drive, Los Angeles, California 90068.

3.     On information and belief, Defendant Korolov is an individual residing in Los Angeles County, California and is the founder, president, and agent

1  for service of process of 18 Nutrition.  Plaintiff is informed and believes, and on

2  that basis alleges, that Korolov is also the owner, operator, and creator of certain

3  websites, including but not limited to 18shake.com and weightlosstop.com, through

4  which he advertises for 18 Nutrition.

5      4.    The true names and capacities, whether individual, corporate,

6  associate, partnership, limited liability company, or otherwise, of Doe Defendants

7  1-10, are unknown to Plaintiff, who therefore sues said Defendants by such

8  fictitious names and will ask leave to amend this Complaint to show their true

9  names and capacities when the same have been ascertained.  Plaintiff alleges, on

10 information and belief, that each of the fictitiously-named Defendants are

11 responsible in some manner for the wrongful conduct herein alleged, and that such

12 wrongful conduct caused harm to Plaintiff.

13 **JURISDICTION AND VENUE**

14     5.    This is an action arising in part under the federal trademark statute (the

15 "Lanham Act"), 15 U.S.C. § 1051 *et seq.* and under California statutory and

16 common law.

17     6.    This Court has subject matter jurisdiction over the federal trademark,

18 false advertising, and unfair competition claims pursuant to 15 U.S.C. § 1121 and

19 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under

20 the Lanham Act.  This Court has supplemental jurisdiction over the related

21 California state law claims pursuant to 28 U.S.C § 1367.

22     7.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)

23 in that a substantial part of the events giving rise to this Complaint occurred in this

24 judicial district.  Moreover, upon information and belief, 18 Nutrition has its

25 principal place of business in this judicial district, Korolov resides in this judicial

26 district, and Defendants conduct business in this judicial district.

27 ///

28 ///

## GENERAL ALLEGATIONS

8.     Plaintiff is an international producer and marketer of meal replacement shakes and weight loss supplements.  It has invested millions of dollars to develop its products, brands, marketing strategies and campaigns, and it is one of the top performing companies in the highly competitive diet and health industry.

9.     Since at least as early as September of 2012, Plaintiff has continuously used the distinctive trademark 310 NUTRITION to market and sell its meal replacement shakes and weight loss supplements throughout the United States and the world.

10.     Plaintiff has devoted substantial time, effort, and resources to the development and extensive promotion of the 310 NUTRITION and 310 SHAKE marks and the products offered thereunder.  As a result of Plaintiff's efforts, the public has come to recognize and rely upon the 310 NUTRITION and 310 SHAKE marks as an indication of the high quality and efficacy associated with Plaintiff's meal replacement shakes and weight loss products.

11.     Plaintiff's 310 Shake has garnered significant attention in the media, and among celebrities, as being a high quality health and diet product and an industry leader.

12.     On December 16, 2014, the United States Patent & Trademark Office ("USPTO") issued to Plaintiff a Notice of Allowance (Serial No. 86281457) for its bona fide intent to use, pursuant to 15 U.S.C. § 1051(b), the mark 310 NUTRITION.  Subsequently, on April 30, 2015, Plaintiff filed a Statement of Use, pursuant to 15 U.S.C. § 1051(d), showing actual use in commerce of the mark 310 NUTRITION, and is awaiting federal registration of the Mark to be entered.

13.     On or about May 14, 2014, Plaintiff filed an application, pursuant to 15 U.S.C. § 1051(b), for its intent to use the mark 310 SHAKE, a Notice of Allowance for which will be published on July 7, 2015 (Serial No. 86281497).

///

**Nondisclosure Agreement and Misappropriation**

14.    On or about June 7, 2013, Plaintiff engaged Korolov as a web designer and he remained in that position, as an independent contractor, for approximately four (4) months.  While providing web design services to Plaintiff, Korolov had knowledge of, and access to, Plaintiff's customer database, website code, and developers, as well as other confidential information and trade secrets related to Plaintiff's products, services, and strategies.

15.    At the outset of Korolov's engagement, he was required to execute a nondisclosure agreement ("NDA"), in which Korolov agreed to protect all of Plaintiff's confidential information and to use it only in connection with the services he provided to Plaintiff. A true and correct copy of the NDA is attached hereto as Exhibit A.

16.    As set forth in the NDA, confidential information includes:

> Customer lists; customer information; marketing plans; database management and fulfillment systems; data conversion systems; business strategies; financial data; inventions; unannounced product information; patents and patent applications; inventions and improvements, whether patentable or not; individual employee compensation; software programs; sales information, such as sales figures, sales forecasting, or projections and sales comparisons; pricing practices and markups on product; strategic plans, promotional plans and advertising; shortage figures and methods of loss prevention; the identity of contractors and the specifications they supply to [310 Nutrition]; and any other information designated from time to time by [310 Nutrition] management as confidential.

17.    On information and belief, almost immediately after finishing his engagement with Plaintiff, and using confidential and trade secret information improperly acquired from Plaintiff, Korolov started his direct competitor company, 18 Nutrition, selling knock-off meal replacement shakes (the "18Shake").

///

18.     On information and belief, prior to his engagement with Plaintiff, Korolov had no knowledge of or experience in the development, manufacturing, or marketing of any product in the health and nutrition industry or otherwise. Similarly, on information and belief, Korolov had no experience in the start-up or management of any business.

19.     Moreover, in creating the 18 Shake, Defendants misappropriated key elements of the non-functional, distinctive trade dress of Plaintiff's meal replacement shakes (the "310 Shake").

20.     Plaintiff's sales were diminished as a direct and proximate result of Defendants' unfair competition, and false and disparaging advertisements, thereby actually damaging Plaintiff in an amount to be determined at trial.

### Unfair Competition and False Advertising

21.     In addition to misappropriating Plaintiff's confidential proprietary information in order to develop the 18Shake, 18 Nutrition wrongfully incorporated Plaintiff's trademarks in their advertising campaigns and product review sites in a blatant attempt to mislead consumers and drive business away from Plaintiff.

22.     More specifically, 18 Nutrition intentionally purchased Plaintiff's 310 SHAKE mark from Google AdWords™ as a keyword for the sole purpose of generating high-ranking sponsored advertisements and search results, which not only used the 310 SHAKE mark but also deceptively diverted Plaintiff's consumers to a review site (www.weightlosstop.com/310_Shake) – created by 18 Nutrition – that made false and disparaging claims about Plaintiff's 310 Shake (the "Review Site").

23.     Essentially, when a consumer searched for "310 Shake" on Google, Defendants' advertisement appeared, as the first search result, stating "310 Shake Review … Don't Buy Before You Read This. 310 Shake and Top 12 Shakes Tested" and provided a direct link to the Review Site.

///

24.     Notably, in order to hide this marketing scheme from Plaintiff, Defendants used AdWords™ Location Exclusion to prevent the ads from appearing in the geographic area where Plaintiff's principals are located (*i.e.* Los Angeles), despite the fact that they were appearing in at least every other major market nationwide.

25.     In addition to containing false and disparaging claims about Plaintiff's product, the Review Site also incorporated Plaintiff's marks 310 SHAKE and 310 NUTRITION and misled consumers to believe it was providing substantiated expert opinions and product comparisons.  Rather, the Review Site was owned and sponsored by 18 Nutrition to promote its 18Shake, at the expense of its featured competitor products, including Plaintiff's 310 Shake.

26.     For example, the Review Site contained a chart that purportedly compares, in a truthful manner, the features of five different meal replacement shakes currently on the market.  However, the comparison chart actually contains several materially false and disparaging statements about the characteristics, ingredients, and efficacy of the 310 Shake, particularly as compared to its review of the 18Shake.  Additional "expert" and "consumer" reviews of the 310 Shake appearing on 18 Nutrition's sponsored site asserted similarly defamatory statements about Plaintiff's product, including that it contains the additive carrageenan, and concluded that "consumer[s] go with a meal replacement product that offers quality ingredients and non-controversial additives such as the ones 310 Shake utilizes."

27.     On information and belief, the Review Site fails to adequately disclose that it is owned or operated by Defendants or, alternatively, is compensated by Defendants for its recommendation of 18Shake and negative reviews of 310 Shake.

28.     Moreover, on information and belief, Defendants use, supply, or direct the use of false content in an effort to gain the trust of consumers and thereby fraudulently convince consumers to purchase 18Shake and not 310 Shake.

///

29.   Plaintiff has not consented to, sponsored, endorsed, or approved of Defendants' use of the 310 NUTRITION or 310 SHAKE marks, much less its confidential and propriety information, in connection with the manufacture, marketing, or sale of 18 Nutrition's products.

30.   On information and belief, Defendants' actions are willful and reflect intent to confuse and mislead consumers, as well as divert business from Plaintiff by making intentionally false and disparaging statements about the 310 Shake.

31.   On or about May 1, 2015, Plaintiff sent a demand letter to Defendants requesting that they (a) immediately terminate the sponsored advertisements referencing the 310 Shake, (b) immediately terminated the Review Site in its entirety, and (c) immediately terminate all sales of the 18 Shake product line as currently packaged.  Defendants responded by letter dated May 12, 2015 that they would discontinue their use of Plaintiff's 310 SHAKE product and marks in their sponsored advertisements and comparative reviews; however, but would not change their product packaging for the 18 Shake.

32.   Notwithstanding, Plaintiff is informed and believes, that Defendants have generated substantial revenues from the sale of its 18Shake through the misuse of Plaintiff's trademarks to divert Internet traffic to its false, misleading, and deceptive Review Site, as well as Korolov's breach of the NDA and resultant misappropriation of proprietary information to create his own knock-off meal replacement shake.

## FIRST CLAIM FOR RELIEF

### Unfair Competition and False Advertising, 15 U.S.C. § 1125(a)

### (Against All Defendants)

33.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 32, inclusive, as though set forth in full.

34.   Defendants have created and are operating the Review Site, which is an affiliate website designed to mislead the public and divert potential clients from

310 Nutrition to 18 Nutrition through the use of Google AdWords™ keyword searches and sponsored advertisements. These advertisements direct consumers to the Review Site, which purports to be an independent consumer review site supported by expert product analysis, but, in reality, is transparently designed to promote 18 Nutrition and disparage its competitors, including 310 Nutrition.

35. In furtherance of this goal, the Review Site is rife with false content, fails to clearly disclose its connection to 18 Nutrition, and published statements about Plaintiff and its 310 Shake that are blatantly false, or are likely to deceive or confuse customers and prospective customers regarding the nature, characteristics, ingredients, quality or efficacy of the 310 Shake.

36. Defendants have made these false and misleading statements in the course of advertising their own product. Indeed, the Review Site's top rating of the 18Shake (*i.e.* "best shake of 2015" and 9.6/10 star rating) is based on patently false and misleading product comparisons.

37. More specifically, the Review Site's comparison chart falsely represents (a) that the 310 Shake lacks an e-book (when, in fact, it does come with an e-book); (b) a price per serving of $2.85 (which is higher than the retail price of the 310 Shake has ever been); and (c) that 310 Shake provides only 12 grams of protein per serving (when it actually provides 15 grams).

38. Defendants further state, on the Review Site, that "310 Shake fails to deliver any significant hunger suppression," that "the 310 Shake does NOT contain any significant amount of fiber, that "**310 Nutrition somehow botched the blend**" (emphasis included in original) with respect to taste value, and that "the product also contains some questionable additive that may have negative effects, contrary to what the 310 Shake advertises."

39. These statements are likely to mislead or confuse consumers as to the quality and characteristics of Plaintiff's product.

///

40.     Plaintiff has already been, and continues to be, injured as a proximate result of the foregoing false and misleading statements, by a direct diversion of sales to 18 Nutrition, in an amount to be determined at trial, and by a lessening of its good will in an amount to be determined at trial.

41.     Unless enjoined, Defendants' actions will continue to cause substantial injury to Plaintiff.  Accordingly, Plaintiff is entitled to monetary and equitable relief.

42.     In addition to damages, because this is an exceptional case involving calculated and willful misconduct by Defendants, Plaintiff is entitled to recover Defendants' profits, costs, and attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### Trade Dress Infringement, 15 U.S.C. § 1125(a)

### (Against All Defendants)

43.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 32, inclusive, as though set forth in full.

44.     In creating the knock-off meal replacement shake, 18Shake, Defendants misappropriated key elements of Plaintiff's distinctive trade dress – the unique shape, style, color, design, and overall appearance of the 310 Shake product packaging – including, specifically, the placement of a border across the upper portion of the package, the use of contrasting colors and font to distinguish between the "number" and the word "Shake," the white background for all of the artwork and the resulting "minimal" appearance of the composition, and the slightly triangular shape of the package.

45.     These copied elements comprised the overall "look and feel" of the 310 Shake's product packaging, which is distinctive and non-functional.

46.     In their packaging of the 18Shake, Defendants adopted a trade dress substantially similar to Plaintiff's trade dress for the 310 Shake without Plaintiff's ///

consent and in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the 18Shake.

 

47.    Plaintiff has already been, and continues to be, injured as a proximate result of the foregoing trade dress infringement in an amount to be determined at trial.  Moreover, unless enjoined and prohibited from selling the 18Shake using trade dress substantially similar to that of the 310 Shake, Defendants' actions will continue to cause substantial injury to Plaintiff.

48.    Accordingly, Plaintiff is entitled to monetary and equitable relief.  In addition to damages, because this is an exceptional case involving calculated and willful misconduct by Defendants, Plaintiff is entitled to recover Defendants' profits, costs, and attorneys' fees under 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### False or Misleading Advertising, Cal. Bus. & Prof. Code § 17200 *et seq.*

### (Against All Defendants)

49.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 32, inclusive, as though set forth in full.

50.    Defendants have created and are operating the Review Site, which is an affiliate website designed to mislead the public and divert potential clients from 310 Nutrition to 18 Nutrition through the use of Google AdWords™ keyword searches and sponsored advertisements.  These advertisements direct consumers to the Review Site, which purports to be an independent consumer review site supported by expert product analysis, but, in reality, is transparently designed to promote 18 Nutrition and disparage its competitors, including 310 Nutrition.

51.     In furtherance of this goal, the Review Site is rife with false content, fails to clearly disclose its connection to 18 Nutrition, and published statements about Plaintiff and its 310 Shake that are blatantly false, or are likely to deceive or confuse customers and prospective customers regarding the nature, characteristics, ingredients, quality or efficacy of the 310 Shake.

52.     Defendants have made these false and misleading statements in the course of advertising their own product.  Indeed, the Review Site's top rating of the 18Shake (*i.e.* "best shake of 2015" and 9.6/10 star rating) is based on patently false and misleading product comparisons.

53.     More specifically, the Review Site's comparison chart falsely represents (a) that the 310 Shake lacks an e-book (when, in fact, it does come with an e-book); (b) a price per serving of $2.85 (which is higher than the retail price of the 310 Shake has ever been); and (c) that 310 Shake provides only 12 grams of protein per serving (when it actually provides 15 grams).

54.     Defendants further state, on the Review Site, that "310 Shake fails to deliver any significant hunger suppression," that "the 310 Shake does NOT contain any significant amount of fiber, that "**310 Nutrition somehow botched the blend**" (emphasis included in original) with respect to taste value, and that "the product also contains some questionable additive that may have negative effects, contrary to what the 310 Shake advertises."

55.     These statements are likely to mislead or confuse consumers as to the quality and characteristics of Plaintiff's product.

56.     Plaintiff has already been, and continues to be, injured as a proximate result of the foregoing false and misleading statements, by a direct diversion of sales to 18 Nutrition, in an amount to be determined at trial, and by a lessening of its good will in an amount to be determined at trial.

57.     As a direct and proximate result of Defendants' aforementioned conduct, Plaintiff has suffered substantial damage and irreparable harm constituting

1   an injury for which Plaintiff has no adequate remedy at law.  Unless the Court

2   enjoins Defendants' conduct, Plaintiff will continue to suffer irreparable harm.

3   Plaintiff has also suffered loss of profits and other damages as a result of

4   Defendants' conduct discussed herein.  Accordingly, Plaintiff is entitled to

5   injunctive relief and restitution pursuant to Cal. Bus. & Prof. Code § 17535.

6                     **FOURTH CLAIM FOR RELIEF**

7   **Misappropriation of Trade Secrets, Cal. Civ. Code § 3426 *et seq.***

8                          **(Against Korolov)**

9          58.    Plaintiff realleges and incorporates herein by reference Paragraphs 1

10  through 32, inclusive, as though set forth in full.

11         59.    By virtue of his engagement by Plaintiff as a web designer, Korolov

12  had access to, and in fact acquired, trade secrets regarding the development,

13  composition, marketing, and distribution strategies of and for the 310 Shake.

14         60.    Subsequently, and in violation of his NDA, Korolov used such trade

15  secrets without Plaintiff's consent to develop a competing company (18 Nutrition)

16  and a knock-off meal replacement product (18Shake).

17         61.    Korolov knew, or reasonably should have known, that his knowledge

18  of Plaintiff's trade secrets were acquired under circumstances giving rise to his duty

19  to maintain their secrecy and, particularly, not to use them to directly compete with

20  Plaintiff.

21         62.    Notwithstanding, Korolov continues to sell his 18Shake, which, on

22  information and belief, could not have been developed and brought to market so

23  quickly without the use of Plaintiff's trade secrets.

24         63.    Plaintiff has suffered, and continues to suffer, damages as a result of

25  Korolov's misappropriation.  Accordingly, Plaintiff is entitled to injunctive relief to

26  prohibit ongoing sales of 18Shake, as well as damages in an amount to be

27  determined at trial.

28  ///

64.     Plaintiff is also entitled to exemplary damages in an amount to be determined by the Court pursuant to Cal. Civ. Code § 3426.3.

## FIFTH CLAIM FOR RELIEF

### Trade Libel

### (Against All Defendants)

65.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 32, inclusive, as though set forth in full.

66.     Through the conduct described above, Defendants have made false and disparaging statements about Plaintiff and, particularly, its product the 310 Shake.

67.     These statements include, without limitation: (a) that the 310 Shake lacks an e-book (when, in fact, it does come with an e-book); (b) a price per serving of $2.85 (which is higher than the retail price of the 310 Shake has ever been); (c) that 310 Shake provides only 12 grams of protein per serving (when it actually provides 15 grams); (d) that the 310 Shake contains or utilizes carrageenan or other controversial additives; (e) that the "the 310 Shake does NOT contain any significant amount of fiber"; and, (f) that "the product also contains some questionable additive that may have negative effects, contrary to what the 310 Shake advertises."

68.     Each of these statements was published on a website accessible worldwide and accessed by others.

69.     By publishing and distributing these false and disparaging statements about 310 Nutrition and the 310 Shake, 18 Nutrition has caused substantial and irreparable harm to Plaintiff's reputation and direct financial injury.

70.     Accordingly, Plaintiff seeks an injunction against 18 Nutrition to prohibit this harmful conduct and is entitled to an award of compensatory damages against 18 Nutrition in an amount to be determined at trial.  Plaintiff is also entitled to punitive damages pursuant to Cal. Civ. Code § 3294 because 18 Nutrition acted with actual malice.

## SIXTH CLAIM FOR RELIEF

### Breach of Contract

### (Against Korolov)

71.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 32, inclusive, as though set forth in full.

72.   As stated above, Korolov and Plaintiff entered into an NDA on or about June 7, 2013.

73.   On information and belief, prior to his engagement with Plaintiff as a web designer, he had no prior experience in the development, manufacturing, or marketing of any product, in the start-up or management of any business, or in the diet and nutritional supplement industry.

74.   Notwithstanding, within just a few months following the termination of his engagement with Plaintiff, Korolov started a directly competing business (18 Nutrition) and product (18Shake), using confidential and proprietary information he acquired from Plaintiff that was subject to the NDA.

75.   Korolov's use of Plaintiff's confidential and proprietary information to compete with and drive business away from Plaintiff constitutes a breach of the NDA.

76.   Pursuant to express provisions in the NDA, Korolov's breach of the agreement entitles Plaintiff to recover "any damages incurred by [310 Nutrition] … which may include [an] injunction against use of the Confidential Information to compete against [310 Nutrition], as well as direct and/or consequential damages" and "reasonable attorney's fees and costs resulting from the legal action."

77.   Accordingly, Plaintiff is entitled to injunctive relief, damages, attorneys' fees and costs as resulting from Korolov's breach.

///

///

///

## SEVENTH CLAIM FOR RELIEF

### Breach of Implied Covenant of Good Faith and Fair Dealing

### (Against Korolov)

78.   Plaintiffs reallege and incorporate herein by reference Paragraphs 1 through 32 and Paragraphs 71 through 77, inclusive, as though set forth in full.

79.   In every contract—written or oral—there exists an implied covenant of good faith and fair dealing that the parties to the contract act in good faith and deal fairly with each other.

80.   Korolov breached the implied covenant of good faith and fair dealing by misappropriating confidential, proprietary or trade secret information that he acquired while working for Plaintiff as a web designer, to develop his own competitor company (18 Nutrition) and product (18 Shake).

81.   As a direct and proximate result of Korolov's misconduct, Plaintiff has been damaged in a sum according to proof at the time of trial but in excess of the jurisdictional limits of this Court.

82.   Plaintiff is informed and believes, and thereupon alleges, that the conduct of Korolov, as set forth above, was willful, intentional, malicious and fraudulent, and undertaken with reckless disregard as to the rights of Plaintiff, entitling Plaintiffs to an award of punitive damages.

## EIGHTH CLAIM FOR RELIEF

### Tortious Interference With Prospective Economic Advantage

### (Against All Defendants)

83.   Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 32, inclusive, as though set forth in full.

84.   Defendants knew, or should have known, that Plaintiff's business is based upon its ability to attract and retain customers who rely, in part, on reviews and representations made on websites about the quality, ingredients, and efficacy of its products, particularly the 310 Shake.

85.     Nevertheless, after developing a knock-off of the 310 Shake and packaging it in substantially and confusingly similar trade dress, Defendants intentionally targeted and labeled Plaintiff's product in a false and disparaging manner through the Review Site.

86.     Defendants know of the prospective and ongoing relationship between Plaintiff and its customers, and intended to disrupt that relationship for their own commercial gain.

87.     As a direct and proximate result of Defendants' interference with Plaintiff's economic interests and relationships, Plaintiff has suffered damages in an amount to be proven at trial.  Plaintiff is entitled to compensation for all detriment proximately caused by Defendants' interference, including general and consequential damages with interest.  Plaintiff is also entitled to injunctive relief to avoid further irreparable harm.

### NINTH CLAIM FOR RELIEF

### Unfair Business Practices, Cal. Bus. & Prof. Code § 17200 *et seq.*

### (Against All Defendants)

88.     Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 87, inclusive, as though set forth in full.

89.     Beginning at an exact date unknown to Plaintiff but at least since February 2014, Defendants committed acts of unfair competition, as defined by Cal. Bus. & Prof. Code §17200 *et seq.* (the "UCL"), by engaging in unfair, unlawful, or fraudulent business practices, including, but not limited to: (a) misappropriating confidential, proprietary or trade secret information to develop the 18 Shake in violation of the NDA entered into by and between Plaintiff and Korolov; (b) infringing Plaintiff's unique and distinctive non-functional trade dress of the 310 Shake in the product packaging of the 18 Shake; (c) creating and operating the Review Site, which is designed to mislead the public and divert potential customers away from Plaintiff's products; and (d) publishing false and

1   disparaging statements about Plaintiff and its 310 Shake in the course of advertising

2   its own competitor product, the 18 Shake.  These statements unfairly affected

3   Plaintiff's business opportunities and fraudulently deceived customers shopping for

4   weight loss supplements and meal replacement shakes.

5        90.    The conduct described herein constitutes false advertising and

6   trademark infringement under the Lanham Act, unfair competition under Section 5

7   of the Federal Trade Commission Act, false and deceptive advertising under

8   Section 17500 California's Business and Professional Code, misappropriation of

9   trade secrets under California Uniform Trade Secrets Act, as well as violations of

10  state laws regarding trade libel and breach of contract, all of which gives rise to a

11  claim under the UCL.

12       91.    As a direct and proximate result of Defendants' aforementioned

13  conduct, Plaintiff has suffered substantial damage and irreparable harm constituting

14  an injury for which Plaintiff has no adequate remedy at law.  Unless the Court

15  enjoins Defendants' conduct, Plaintiff will continue to suffer irreparable harm.

16  Plaintiff has also suffered loss of profits and other damages as a result of

17  Defendants' conduct discussed herein.  Accordingly, Plaintiff is entitled to

18  injunctive relief and restitution pursuant to Cal. Bus. & Prof. Code § 17203.

19                      **TENTH CLAIM FOR RELIEF**

20                        **Declaratory Relief**

21                       **(Against All Defendants)**

22       92.    Plaintiff realleges and incorporates herein by reference Paragraphs 1

23  through 91, inclusive, as though set forth in full.

24       93.    Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28

25  U.S.C. §§ 2201 and 2202, this Court may declare the rights or legal relations of any

26  party in any case involving an actual controversy.

27       94.    An actual controversy has arisen and now exists between Plaintiff and

28  Defendants, in that Plaintiff contends that Defendants' product 18Shake was

unlawfully and unfairly developed through Korolov's breach of the NDA and misappropriation of Plaintiff's trade secrets, and infringes upon Plaintiff's trade dress of its 310 Shake.

95. Plaintiff is informed and believes, and on that basis alleges, that Defendants dispute Plaintiff's position.

96. Plaintiff therefore requests and is entitled to a judicial determination as to the rights and obligations of the parties with respect to Defendants' continued sales of the 18Shake, and such a judicial determination of these rights and obligations is necessary and appropriate at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court provide the following relief:

1. Enter a judgment in favor of Plaintiff and against Defendants on all count alleged herein;

2. Enter a judgment that Korolov has breached the NDA that he executed with Plaintiff, and misappropriated Plaintiff's trade secrets, in the development of his competing company, 18 Nutrition, and meal replacement shake, 18Shake;

3. Enter a judgment that Defendants Korolov and 18 Nutrition have:

    a. Infringed upon Plaintiff's trademarks (310 SHAKE and 310 NUTRITION) in their false and deceptive advertising campaign to promote 18Shake;

    b. Infringed upon Plaintiff's trade dress in developing product packaging for the 18Shake that was substantially, and confusingly, similar to that of the 310 Shake;

    c. Committed unfair business practices and false advertising in connection with their Review Site;

    d. Committed trade libel of Plaintiff by publishing and disseminating false and disparaging statements about the 310 Shake; and

e.   Interfered with Plaintiff's prospective economic advantage;

4.   Direct Defendants to permanently remove, or ensure the removal of any and all references to 310 Nutrition or 310 Shake, including reviews and use of the Plaintiff's trade name or trademark, from all websites owned by Defendants, and permanently enjoin Defendants from any future use of Plaintiff's trademarks in connection with the marketing or sale of Defendants' products;

5.   Permanently enjoin Defendants from using Plaintiff's trademarks in their keyword searches through Google AdWords™ or related advertising software;

6.   Permanently enjoin Defendants from selling the 18Shake, which was developed using Plaintiff's confidential, proprietary, and trade secret information;

7.   Permanently enjoin Defendants from using Plaintiff's trade dress in connection with the 18Shake (or any other product), and order Defendants to destroy all remaining inventory of the product;

8.   Award Plaintiff its actual damages in an amount to be determined at trial but at least $1,000,000;

9.   Award Plaintiff restitution, including any and all profits earned by Defendants, by reason of the unlawful acts complained of herein and as provided by law;

10.   Award Plaintiff exemplary damages, including punitive damages, for Defendants' willful and malicious behavior and as provided by law;

11.   Award Plaintiff its reasonable attorneys' fees, prejudgment interest, and costs of suit as provided by contract and/or statute; and

12.   Award such other relief as the Court may deem just and proper.

///

///

///

///

///

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands trial by jury pursuant to the Federal Rules of Civil

3   Procedure, Rule 38(b) (28 U.S.C. § 38).

4

5                                        Respectfully submitted,

6                                        **YOFFE & COOPER, LLP**

7

8

9   Dated:  July 7, 2015            By:   /s/  Alexander Yoffe_____
                                         Alexander Yoffe
10

11                                       Attorneys for Plaintiff
                                         310 NUTRITION, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28